UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| KAYLE HOWARD,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MICHAEL DALISAY, *et al.*,<br><br>　　　　　Defendants.<br>_____/ | No. C 10-05655 LB<br><br>**ORDER RE SERVICE OF SUMMONS FOR DEFENDANTS NEECE, PAMPLONA, AND SUSAN SMITH** |

On December 13, 2010, *pro se* Plaintiff Kayle Howard filed a complaint against Defendants Michael Dalisay, F. Culley, and Detectives Neece and Pamplona (erroneously sued as Pamploma) of the Alameda County Sheriffs Office; the Alameda County Sheriff's Office; Officer Susan Smith of the City of San Pablo; and the City of San Pablo. Complaint, ECF No. 1. The court granted Plaintiff's application to proceed *in forma pauperis* on December 16, 2010 and ordered the U.S. Marshal to serve Defendants with the summons. 12/16/10 Order, ECF No. 6 at 1. The clerk issued summons to Defendants on December 17, 2010. Summons, ECF No. 7.

Defendants Dalisay, Culley, and the Alameda County Sheriff's Office appeared in this case and filed a motion to dismiss Plaintiff's complaint on January 27, 2010. Motion to Dismiss, ECF No. 19. The City of San Pablo appeared in this case and filed an answer to Plaintiff's complaint on January 26, 2011. Answer, ECF No. 17. Plaintiff, Dalisay, Culley, the Alameda County Sheriff's Office, and the City of San Pablo have consented to this court's jurisdiction. *See* ECF Nos. 5 (Plaintiff), 14 (City of San Pablo), and 29 (Dalisay, Culley, and Alameda County Sheriff's Office).

C 10-05655
ORDER RE SERVICE OF SUMMONS

Defendants Neece, Pamplona, and Smith have not appeared in this matter and have not consented to the court's jurisdiction.

**1. Issues Regarding Service of Susan Smith**

The U.S. Marshal executed the summons except with respect to Susan Smith. Proofs of Service, ECF Nos. 8-13. According to the U.S. Marshal, he was unable to affect service on her because she is not an officer with the San Pablo Police Department. *See* Proof of Service, ECF No. 9 at 1-2. San Pablo confirms in its answer that Susan Smith is not an officer with the San Pablo Police Department. Answer, ECF No. 17 at 2, ¶ 3. A plaintiff proceeding *in forma pauperis* must provide the U.S. Marshal with sufficient information to properly serve a defendant. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Accordingly, Plaintiff must file proof that she has served Susan Smith or provide the clerk with an accurate service address for Susan Smith by March 4, 2011. Once Plaintiff provides the clerk with a new address for Smith, the clerk shall reissue summons, and the U.S. Marshal shall serve a copy of the complaint, any amendments or attachments, Plaintiff's affidavit, and this order upon Defendants.

**2. Issues Regarding Service of Defendants Neece and Pamplona**

In her complaint, Plaintiff alleges that Neece and Pamplona work for the Alameda County Sheriff's Office. Complaint, ECF No. 1 at 1-2, ¶ 2. As such, the U.S. Marshal served Defendants Neece and Pamplona at the Alameda County Sheriff's Office who accepted service on their behalf. ECF Nos. 10 and 11. In San Pablo's answer, however, it claims that Neece and Pamplona are employees of the San Pablo Police Department, not the Alameda County Sheriff's Office. Answer, ECF No. 17 at 1-2, ¶ 2. It is unclear why the City of San Pablo, knowing that Neece and Pamplona are its employees, have not appeared on their behalf and thus rendered unnecessary the reissuance of summons and the re-serving of those Defendants. In any event, the clerk of the court shall reissue summons for Neece and Pamplona and the U.S. Marshal shall serve Neece and Pamplona at the following address:

    San Pablo Police Department
    13880 San Pablo Avenue
    San Pablo, California 94806

C 10-05655
ORDER RE SERVICE OF SUMMONS

### 3. Continuance of Oral Argument on Dalisay, Culley, and the Alameda County Sheriff's Office's Motion to Dismiss

Because this court cannot rule on motions to dismiss for failure to state a claim absent the consent of all parties (*See* 28 U.S.C. § 636(b) & (c)), the court will continue oral argument on Dalisay, Culley, and the Alameda County Sheriff's Office's motion to dismiss to give Plaintiff time to cure the defects in service. Therefore, the hearing on the motion to dismiss is hereby continued to April 21, 2011 at 11:00 a.m. Plaintiff's opposition is due by April 1, 2011 and Dalisay, Culley, and the Alameda County Sheriff's Office's reply is due by April 7, 2011.

Plaintiff must complete service on all Defendants by April 12, 2011. Fed. R. Civ. P. 4(m) (plaintiffs have 120 days within which to serve defendants). In this order, the court directs the clerk to reissue summons for Neece and Pamplona and the U.S. Marshal to serve those Defendants. Therefore, Plaintiff should concentrate on finding an accurate address for Susan Smith so that the clerk can reissue summons for her and the U.S. Marshal can properly serve her. If Plaintiff cannot complete service by April 12, 2011, she may move for an extension of time. The court will only grant an extension if Plaintiff demonstrates good cause for her failure to serve any of the remaining Defendants who have not been served. *See* Fed. R. Civ. P. 4(m). As long as Plaintiff has provided the U.S. Marshal with accurate identifying information for Defendants, "the marshal's failure to effect service is automatically good cause" warranting an extension of time under Rule 4(m). *See Walker*, 14 F.3d at 1422 (quotations and citation omitted). However, if Plaintiff does not provide an accurate address for Susan Smith and the U.S. Marshal is thus unable to serve her by April 12, 2011, Plaintiff risks dismissal without prejudice of her claims against Smith unless she shows good cause for an extension.

**IT IS SO ORDERED.**

Dated: February 11, 2011

_____
LAUREL BEELER
United States Magistrate Judge

C 10-05655
ORDER RE SERVICE OF SUMMONS