UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

KAYLE HOWARD,

           Plaintiff,

   v.

MICHAEL DALISAY, *et al.*,

           Defendants.
_____/

No. C 10-05655 LB

**ORDER REGARDING THE CITY OF SAN PABLO'S MOTION TO STAY THE CASE, SERVICE OF OFFICER SMITH, AND PLAINTIFF'S MARCH 7, 2011 FILING**

### I. SAN PABLO'S MOTION TO STAY AND SERVICE OF SMITH

On February 11, 2011, the court directed the clerk to reissue summonses for Detectives Neece and Pamplona of the San Pablo Police Department and ordered the U.S. marshal to serve those defendants. 2/11/11 Order, ECF No. 35. In that order, the court also directed *pro se* Plaintiff Kayle Howard to provide the clerk of the court with valid contact information for Defendant Officer Susan Smith so that the U.S. Marshal could properly serve her. *Id.* at 2. When the U.S. Marshal originally attempted to serve Officer Susan Smith at the San Pablo Police Department, San Pablo informed him that it did not employ an officer named Susan Smith. Proof of Service, ECF No. 9 at 1-2. In its answer to Ms. Howard's complaint, San Pablo again stated that it did not employ an officer named Susan Smith. Answer, ECF No. 17 at 2, ¶ 3.

On March 1, 2011, San Pablo filed a motion to stay the case pending resolution of the criminal case against Ms. Howard stemming from the same incident at issue in this case. Motion to Stay, ECF No. 43. In its motion, San Pablo states:

C 10-05655 LB
ORDER

SPPD Officer Smith responded to Citibank to begin an investigation of the situation. Officer Smith retrieved surveillance footage, interviewed several witnesses, conducted photo line-ups and retrieved the Plaintiff's identification that was left at the scene. Additionally, Officer Smith spoke to a supervisor at Auto Start, Inc., who confirmed that no check was issued to Plaintiff.

*Id.* at 2. Though San Pablo may not employ an officer named Susan Smith, it employed an officer named Smith who responded to the scene to investigate the situation that is the subject of this suit. As the court noted in its February 11, 2011 order, it is unclear why San Pablo has not appeared on behalf of Detectives Neece and Pamplona and Officer Smith and thus rendered unnecessary the continuances of the substantive motions, the reissuance of summonses, and the re-service of its officers. Nonetheless, the court orders San Pablo to provide it with Officer Smith's full name by March 11, 2011 at 4:30 p.m. Once San Pablo provides the court with the full name for Officer Smith, the court will direct the clerk to reissue summons for the officer and the U.S. Marshal to serve the officer.

To permit the U.S. Marshal time to serve Officer Smith and for her to make an appearance in the case and either consent or decline to this court's jurisdiction, the court hereby continues oral argument on San Pablo's motion to stay until April 21, 2011 at 11:00 a.m. The briefing schedule shall remain unchanged. Ms. Howard shall file an opposition by March 17, 2011. San Pablo shall file an optional reply by March 24, 2011.

Judicial economy is best served if the court rules on San Pablo's motion to stay the case prior to hearing the motion to dismiss. Therefore, oral argument on Dalisay, Culley, and the Alameda County Sheriff's Office's motion to dismiss is continued to May 5, 2011 at 11:00 a.m. The corresponding briefing schedule for this motion shall remain unchanged. Plaintiff's opposition is due by April 1, 2011 and Dalisay, Culley, and the Alameda County Sheriff's Office's reply is due by April 7, 2011.

## II. PLAINTIFF'S MARCH 7, 2011 FILING

On January 27, 2011, Dalisay, Culley, and the Alameda County Sheriff's Office filed a motion to dismiss. Motion to Dismiss, ECF No. 19. On March 7, 2011, Plaintiff filed a document titled: "1. Notice of Motion and Motion by Plaintiff Kayle Howard to Set Aside Dismissal Motion Request by Alameda County Attorney, Raymond Mckay. 2. Notice of Motion to Proceed with Presenting

1 discovery by Plaintiff Kayle Howard at Case Management Hearing on March 17, 2011 @ 11:00
2 am." Motion, ECF No. 47 at 1. The text of the document states that Ms. Howard will present
3 evidence at the March 17, 2011 case management conference in support of her contention that the
4 motion to dismiss should be "set aside permanently." *Id.* Courts must construe *pro se* filings
5 liberally. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). Therefore, the court construes
6 Ms. Howard's "motion" as an opposition to Dalisay, Cully, and the Alameda County Sheriff's
7 Office's motion to dismiss.

8 Ms. Howard is reminded that a case management conference is not scheduled for March 17,
9 2011. The next hearing scheduled in this case is on April 21, 2011 at 11:00 a.m. (see above).

**IT IS SO ORDERED.**

Dated: March 9, 2011

_____
LAUREL BEELER
United States Magistrate Judge

C 10-05655 LB
ORDER

3