UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| KAYLE HOWARD,<br><br>       Plaintiff,<br>   v.<br><br>MICHAEL DALISAY, F. CULLEY, DETECTIVES DAVID NEECE, PAMPLOMA, INDIVIDUALLY, AND IN THEIR CAPACITY AS EMPLOYEES OF THE ALAMEDA COUNTY SHERIFF'S OFFICE, OFFICER SMITH OF THE CITY OF SAN PABLO POLICE DEPARTMENT, THE CITY OF SAN PABLO, AND DOES 1-20,<br><br>       Defendants.<br>_____/ | No. C 10-05655 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY THE CASE**<br><br>**[ECF Nos. 42 and 53]** |

## I. INTRODUCTION

*Pro se* Plaintiff Kayle Howard sued local police officers and county sheriffs in this lawsuit for false imprisonment and false arrest in a state court criminal action, all in violation of 42 U.S.C. § 1983 and state law. Complaint, ECF No. 1 at 2, ¶¶ 6-7.[1] Because criminal charges are pending against Ms. Howard in state court, the court grants Defendants' unopposed motion to stay and stays the case until the criminal action against Ms. Howard concludes.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

## II. FACTS

In her complaint, Ms. Howard alleges in part that either the county deputy sheriffs fabricated the existence of an outstanding warrant for her arrest or the City of San Pablo issued a warrant for her arrest based on false information. Complaint, ECF No. 1 at 2, 4, ¶¶ 6-7, 22.*Id.* at 4, ¶ 22. Criminal charges are currently pending against her, and the criminal case is set to go to trial on June 8, 2011. Noah Blechman Declaration, ECF No. 57 at 2, ¶ 4.

On January 27, 2011, the Alameda County Sheriff's Office and Deputies Michael Dalisay and Fenton Culley filed a motion to dismiss Ms. Howard's complaint. Motion to Dismiss, ECF No. 19. On April 11, 2011, Ms. Howard opposed the motion. Response to Motion to Dismiss, ECF No. 56.

On March 1, 2011, the city of San Pablo moved to stay the civil case (including the pending motion to dismiss) pending the outcome of Ms. Howard's state criminal case. All defendants joined that motion. Motion to Stay, ECF No. 43; Joinder, ECF No. 53. By telephone on February 18, 2011, Ms. Howard told Noah Blechman, counsel for the city of San Pablo, that she did not object to staying the action. Blechman Declaration, ECF No. 44 at 2, ¶¶ 6-7. Counsel e-mailed Ms. Howard a stipulation to the stay, but Ms. Howard did not sign the stipulation. *Id.* at ¶ 8. Instead, that same day, she filed a document titled "Notice of Motion to Proceed Against Defendants Dismissal Motion Motion for Settlement Conferences with Defendants Attorneys and Plaintiff Motion to Stay Until Criminal Case on this Matter is Resolved." *See* ECF No. 37. The last phrase of the title suggests that Ms. Howard also moves to stay the case. *Id.* The document's text contains only the court's "consent to magistrate judge jurisdiction" language and does not contain any argument about the motion to stay or the motion to dismiss.

## III. DISCUSSION

A plaintiff cannot recover damages under section 1983 for a claim involving an unlawful arrest, imprisonment, or conviction unless or until the conviction has been vacated or set aside. *See, e.g., Heck,* 512 U.S. at 486-87 (the question is "whether judgment in favor of a § 1983 plaintiff would necessarily imply invalidity of [a plaintiff's] conviction or sentence"); *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In cases like this, when criminal proceedings are pending, courts should stay the section 1983 case until the criminal proceedings are concluded. *See Wallace*, 549 U.S. at 393-

UNITED STATES DISTRICT COURT
For the Northern District of California

94. That is because the outcome of the state case can affect what happens in the federal case: "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394 (citations omitted).

Ms. Howard's state criminal case is pending: trial was scheduled for April 11, 2011 but was continued to June 8, 2011. *See* Motion to Stay, ECF 43 at 8; Blechman Declaration, ECF No. 57 at 2, ¶ 4. Given that Ms. Howard's case here involves challenges to her state case (including wrongful arrest and imprisonment) that may implicate her federal case, the court stays the current proceedings during Ms. Howard's state criminal case.

## IV. CONCLUSION

The court **GRANTS** Defendants' unopposed motion to stay and stays the case. The court **VACATES** the hearing now set for April 21, 2011. The court also **VACATES** the currently-scheduled hearing of May 5, 2011, on the pending motion to dismiss by Defendants Alameda County Sheriff's Office, Michael Dalisay, and Fenton Culley.

The parties shall submit a joint status statement about the status of the pending criminal case on July 1, 2011.

This disposes of ECF Nos. 42 and 53.

**IT IS SO ORDERED.**

Dated: April 19, 2011

_____
LAUREL BEELER
United States Magistrate Judge