UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KAYLE HOWARD, | No. C 10-05655 LB |
| Plaintiff, | **ORDER GRANTING THE ACSO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| MICHAEL DALISAY *et al.*, | [Re: ECF Nos. 88, 89] |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

On or about March 11, 2010, Alameda County Sheriff's Office ("ACSO") deputies Michael Dalisay and Fenton Culley arrested Kayle Howard based on an outstanding arrest warrant for forgery. That warrant was issued based in part on the investigation of Officer Melvin Smith of the San Pablo Police Department. Deputies Dalisay and Culley took Ms. Howard to Santa Rita Jail, where she was questioned by Detectives David Neece and [FNU] Pamplona of the San Pablo Police Department. She was released on March 18, 2010 and subsequently charged with criminal violations related to forgery in Contra Costa Superior Court.

Ms. Howard, who is proceeding *pro se*, filed the instant action against the ACSO and Deputies Dalisay and Culley (collectively, the "ACSO Defendants") as well the City of San Pablo, Officer Smith, and Detectives Neece and Pamplona (collectively, the "San Pablo Defendants") for false imprisonment and false arrest pursuant to 42 U.S.C. § 1983. The San Pablo Defendants answered

her complaint, but the ACSO Defendants moved to dismiss it. Upon review of the papers submitted and consideration of applicable authority, the court **GRANTS** the ACSO Defendants' motion.[1]

### STATEMENT

On or about March 11, 2010, Ms. Howard had an interaction with Deputies Dalisay and Culley. Complaint, ECF No. 1 ¶¶ 14-17.[2] According to her complaint, "she was told she was reported to the police for a noisy car alarm." *Id.* ¶ 15. She then "pointed out that the no[i]sy vehicle did not belong to her." *Id.* One of the Deputies then "told her that she had an outstanding warrant issued by the City of San Pablo." *Id.* ¶ 15. The Deputies then "detainer [her] for no reason and transported her to Santa Rita Jail." *Id.* ¶ 14.

It turns out that there was in fact an outstanding warrant for her arrest. Roughly two months earlier, on January 12, 2010, Judge Trevor White of the Contra Costa County Superior Court issued a warrant for Ms. Howard's arrest for forgery in violation of California Penal Code § 476.[3] MacKay Declaration, Exh. 1, ECF No. 94-1;[4] *see* Complaint, ECF No. 1 ¶ 17 (acknowledging the existence

---

[1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination with oral argument and vacates the October 17, 2013 hearing.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

[3] California Penal Code § 476 provides in full: "Every person who makes, passes, utters, or publishes, with intent to defraud any other person, or who, with the like intent, attempts to pass, utter, or publish, or who has in his or her possession, with like intent to utter, pass, or publish, any fictitious or altered bill, note, or check, purporting to be the bill, note, or check, or other instrument in writing for the payment of money or property of any real or fictitious financial institution as defined in Section 186.9 is guilty of forgery."

[4] The ACSO Defendants ask the court to take judicial notice of the warrant for Ms. Howard's arrest. Request for Judicial Notice, ECF No. 93. Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A "high degree of indisputability is the essential prerequisite" to taking judicial notice and "the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy." Fed. R. Evid. 201(a) & (b) advisory committee's notes (emphasis added). A court, then, may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir.

1  of the warrant for her arrest).

2  Back to March 11: Ms. Howard alleges that when the Deputies arrested her, "they left a person inside her home." Complaint, ECF No. 1 ¶ 17. She told the one of the Deputies that the person "did not live at her address" and that "she did not want that person to remain inside her home as she had valuables that she feared the unwarranted person would steal." *Id.* The Deputy "ignored her request and left her residence unsecured with the person inside." *Id.*

She was taken to Santa Rita Jail and held in custody for eight days. *Id.* ¶¶ 18, 19. She alleges she was held there by Detectives Neece and Pamplona, *id.* ¶ 18, and that she "learned that Officer [] Smith of the San Pablo Police Department caused her arrest by submitting [her] DMV photograph to witnesses and suggesting that the person who passed the bad checks was in fact [her]," even though Officer Smith "had reason to suspect that [she] was in any way connected to the underlying criminal incident," *id.* ¶ 20.[5] On March 18, 2010, she was released without being charged with a crime, *id.* ¶¶ 18, 19, and when she returned home, she noticed that "her valuables were missing," *id.* ¶ 21.

On December 13, 2010, Ms. Howard sued Defendants in this court pursuant to 42 U.S.C. § 1983.

---

2001); *see also Muhammad v. California*, C-10-1449-SBA, 2011 WL 873151, at *4 (N.D. Cal. Mar. 11, 2011) (denying request for judicial notice of an address contained on a complaint filed in another case because the "underlying facts relevant to Plaintiff's residence are disputed and otherwise do not meet the requirements of Rule 201"); *Lee v. Bender*, C-04-2637-SBA, 2005 WL 1388968, at *8 (N.D. Cal. May 11, 2005) ("Court filings and orders are the type of documents that are properly noticed under Federal Rule of Evidence 201. Notice can be taken, however, 'only for the limited purpose of recognizing the judicial act that the order [or filing] represents on the subject matter of the litigation.'") (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation and internal quotation marks omitted). Here, while Ms. Howard might be challenging the accuracy of the evidence submitted in support of probable cause, *see* Complaint, ECF No. 1 ¶ 22 (alleging that "the City of San Pablo" might have "issued a warrant[] based upon false information"), but she does not appear to attack its existence, *see id.* ¶ 17 ("On or about March 1, 2010, [Ms. Howard] learned that a Contra Costa County Judge issued a Ramey Warrant for [her] arrest after she was allegedly positively identified as a person who illegally cashed one or more checks."). Thus, because the warrant is a public record and Ms. Howard does not contest its existence, the court will take judicial notice of it.

[5] Ms. Howard erroneously sued Officer Melvin Smith as "Susan Smith" and Detective Pamplona as Detective "Pamploma." *See* Answer (Detectives Neece and Pamplona, Officer Smith), ECF No. 50.

*See generally id.* She explicitly brings claims against Defendants for false arrest and false imprisonment in violation of the Fourth and Fourteenth Amendments, and she also brings a *Monell* claim against the ACSO for failing to "properly supervise" and "train its deput[ies]" and because it has a "practice of making unreasonable arrests." *Id.* ¶¶ 23, 26; *see Monell v. Dep't of Soc. Servs*, 463 U.S. 658 (1978). She may also bring a claim related to the alleged loss of her "valuables." *Id.* ¶¶ 17, 21.[6] Finally, Ms. Howard says that she has sued "both the County of Alameda and the City of San Pablo because she does not know if the Alameda County Sheriff's Department fabricated the story about the warrant or if the City of San Pablo issued a warrant[] based upon false information," but "[o]bviously, one or the other is liable for her injuries." *Id.* ¶ 22.

The San Pablo Defendants answered Ms. Howard's complaint. See Answer (City of San Pablo), ECF No. 17; Answer (Detectives Neece and Pamplona, Officer Smith), ECF No. 50. The ACSO Defendants, however, moved to dismiss her complaint. Original Motion to Dismiss, ECF No. 19. The court never heard the motion; instead, the court, upon Defendants' unopposed motion, the court stayed the action pending criminal proceedings against Ms. Howard stemming from her arrest and denied without prejudice the ACSO Defendants' motion to dismiss. Order Staying Case, ECF No. 58; Order Denying Original Motion to Dismiss, ECF No. 66. Ms. Howard's criminal proceedings were continued multiple times, *see*, *e.g.*, June 24, 2013 Order, ECF No. 83, but finally were resolved on or before August 23, 2013, *see* Joint Status Update, ECF No. 86 (filed on August 23, 2013; noting that Ms. Howard's criminal proceedings have been "completed").

The court thereafter lifted the stay of the case, Order Lifting Stay, ECF No. 90, and on

---

[6] Near the outset of her complaint, Ms. Howard alleges that "[t]his action is brought pursuant to 42 U.S.C. sections 1983, et seq. and 1988, and the California Constitution, civil rights statutes and common law." Complaint, ECF No. 1 ¶ 6. While the Ninth Circuit has made clear that notice pleading merely requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories," *Alvarez v. Hill*, 518 F.3d 1152, 1157-58 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)), Ms. Howard makes no further mention of these authorities, *see generally* Complaint, ECF No. 1, and her allegations in support of her § 1983 claims do not raise a plausibly suggest a right to relief under them, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, to the extent that Ms. Howard intends to bring claims under 42 U.S.C. § 1988, "the California Constitution, civil rights statutes and common law," her claims are **DISMISSED WITHOUT PREJUDICE**.

September 9, 2013 the ACSO Defendants filed a new motion to dismiss pursuant to Rule 12(b)(6), Motion, ECF No. 91.  On September 26, 2013, Ms. Howard filed a document that appears to be an opposition to the motion and so the court will deem it so.  Opposition, ECF No. 101.  The ACSO Defendants filed a reply on September 30, 2013.

**ANALYSIS**

**I. LEGAL STANDARD**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).  In addition, courts may consider documents attached to the complaint.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).  However, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*

*v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

**II. APPLICATION**

**A. Ms. Howard's § 1983 False Arrest and False Imprisonment Claims**

It is undisputed that Ms. Howard was booked into Santa Rita Jail based on the warrant issued by Judge White. Whatever Fourth Amendment issues attend the issuance of the warrant (i.e., the alleged false information that supported the issuance of the warrant), those issues are about the San Pablo Defendants, not about the ACSO deputies who allegedly arrested and booked Ms. Howard on the warrant. She says that she sued the ACSO Defendants because "she does not know if . . . [they] or the City of San Pablo issued a warrant[] based on false information" and "obviously one or the other is liable for injuries." Complaint, ECF No. 1 ¶ 22. But those conclusory allegations are insufficient to establish a claim against the ACSO Defendants. Indeed, the warrant was signed by Detective Neese, one of the San Pablo Defendants.

In an abundance of caution, the court **DISMISSES WITHOUT PREJUDICE** Ms. Howard's Fourth Amendment claims. On the face of the complaint, the court cannot see how a claim could be stated against arresting and booking deputies at Santa Rita Jail. But if there is some connection of them to the alleged false information in the affidavit that supported the issuance of the arrest warrant, the court gives Ms. Howard until November 7, 2013 to file an amended complaint. The court suggests to Ms. Howard that at least based on her allegations, the ACSO Defendants do not seem to have a nexus to the issuance of the warrant.

To the extent that Ms. Howard alleges a Fourteenth Amendment substantive due process violation from the arrest itself, her claim is subsumed in her Fourth Amendment claim, and thus the court **DISMISSES WITH PREJUDICE** the stand-alone substantive due process claim. *See Albright v. Oliver*, 510 U.S. 266, 273, 275 (1994).

**B. Ms. Howard's § 1983 "Missing Valuables" Claim**

Ms. Howard's other section 1983 claim is that when Deputies Dalisay and Culley arrested her and took her to Santa Rita Jail, they did not remove an unauthorized person who "did not live at her address" and who (she implies) stole her "valuables." *See* Complaint, ECF No. 1 ¶¶ 17, 21. She does not allege that the ACSO Defendants stole her property. *See generally id.*

Assuming that she alleges a Fourteenth Amendment procedural due process claim, Ms. Howard's claim fails because she has a postdeprivation remedy available to her under California law. Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). But neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, *e.g.*, a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). As the ACSO Defendant's point out, California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Thus, because Ms. Howard cannot state a § 1983 claim based on her "missing valuables," it must be dismissed. *See Ervin v. Merced Police Dep't*, No. 1:12–cv–1779 AWI GSA, 2012 WL 6517371, at *4 (E.D. Cal. Dec. 13, 2012) (because California law provided for a postdeprivation remedy, the court dismissed plaintiff's § 1983 claim based on his allegation that his property was taken during his arrest but never returned to him after he was released without bring charged). However, because it is possible that additional allegations could remedy this deficiency, *see id.* ("[W]here the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute

actionable violations of the Due Process Clause."), it is **DISMISSED WITHOUT PREJUDICE**.

### C. Ms. Howard's *Monell* Claim

For similar reasons, the *Monell* claim against the ACSO fails. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell*, 436 U.S. at 690. However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Liability based on a municipal policy may be satisfied in one of three ways: (1) by alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity; (2) by establishing that the individual who committed the constitutional tort was an official with final policymaking authority, and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives; or (3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it. *See Fuller*, 47 F.3d at 1534; *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Ms. Howard's conclusory allegations do not establish a claim against the individual sheriffs, and thus they fail against the ACSO on a *Monell* theory. Even if she stated a claim against the individuals, her allegations are the mere recitation of the basic elements of a *Monell* claim that do not suggest any plausible claim for relief. *See AE ex rel. Hernandez v. City of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Still, given the court's dismissal without prejudice of the claims against

Deputies Dalisay and Cullen, the court **DISMISSES WITHOUT PREJUDICE** the *Monell* claim against the ACSO. Ms. Howard may file an amended complaint by November 7, 2013.

## CONCLUSION

The court **GRANTS** the ACSO Defendants' motion to dismiss as follows:

1. Ms. Howard's Fourteenth Amendment substantive due process claim against the ACSO Defendants is **DISMISSED WITH PREJUDICE**.

2. Her Fourth Amendment, deprivation of property, and *Monell* claims (based on her false arrest and imprisonment and her missing valuables) against the ACSO Defendants are **DISMISSED WITHOUT PREJUDICE**.

Ms. Howard may file an amended complaint by no later than November 7, 2013.

**IT IS SO ORDERED.**

Dated: October 16, 2013

_____
LAUREL BEELER
United States Magistrate Judge